UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

RONALD SPEAR,

                 Plaintiff,

    - against -

"MARK HUGLES" WARDEN OF N.I.C.,
CAPTAIN, CAPTAIN, CAPTAIN, M. BUTT
C.O. 18239, ABOUT 30 JOHN DOE ON
THE PROBE TEAM AND A FEW OTHER
CAPTAINS THAT ARE JOHN DOE RIGHT
NOW,

                 Defendants.

-------------------------------------------------------- X

**OPINION AND ORDER**

**08 Civ. 4026 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

Ronald Spear, proceeding pro se, brings suit pursuant to section 1983 of Title 42 of the United States Code ("section 1983"), alleging that his Eighth Amendment right to be free from excessive force was violated by several Rikers Island Correction Officers.  Defendants Warden Hughes and Correction Officer Butt move for summary judgment claiming insufficient evidence and lack of personal involvement.  Defendants Captains Thomas, Nichoels, and Roberts move

for summary judgment on the ground of failure to serve.[1]  For the following

reasons, summary judgment is granted to defendants Hughes and Butt with

prejudice and to defendants Thomas, Nichoels, and Roberts without prejudice.

These named defendants are therefore dismissed from this lawsuit.

## II.    BACKGROUND

On January 31, 2008, while Spear was an inmate at Rikers Island,

another inmate, Raymond Spence "swung" at Spear.[2]  Spear alleges that after he

grabbed Spence's hand to stop the punch, Correction Officers "jumped on

[Spence]" and then attacked Spear.[3]  After the incident, Spear visited the prison's

---

[1]      Defendants also argue that Spear failed to file a Notice of Claim
against the City of New York within ninety days of the alleged attack as required
by section 50-e of the New York General Municipal Law in order to bring a state
law claim. *See* N.Y. Gen. Mun. L. § 50-e; 5/12/09 Defendants' Memorandum of
Law in Support of Their Motion for Summary Judgment ("Def. Mem.") at 12.
While pro se complaints are read liberally, Spear's Complaint does not directly
allege a state law claim nor does it imply one.  This Court will reject any
subsequent state law claims brought by Spear due to his failure to comply with
section 50-e.  Alternatively, this Court will decline to exercise supplemental
jurisdiction over any state law claims Spear may try to bring here.

[2]      2/11/09 Deposition of Plaintiff ("Pl. Dep."), Ex. C to 6/12/09
Declaration of Katherine Smith, defendants' counsel ("Smith Decl."), at 50.

[3]      *Id.* at 51.

infirmary[4] and was later taken to Elmhurst Hospital,[5] where he remained

hospitalized for five days.[6]  While Spear admits that defendants Hughes and Butt

did not participate in the alleged attack,[7] he claims that Hughes "gives the orders

to beat people down, and let[s] them get away with it."[8]  The Correction

Department commenced disciplinary proceedings against Spear for his role in the

incident with Spence — Spear was found guilty of fighting with an inmate and

was sentenced to twenty days of segregated confinement.[9]

## III.   LEGAL STANDARD

### A.   Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

---

[4]      *See id.* at 74.  *See also* Plaintiff's Medical Records ("Medical Records"), Ex. D to Smith Decl.

[5]      *See* Medical Records.

[6]      *See* Complaint at 3.

[7]      *See* Pl. Dep. at 40, 146.

[8]      *Id.* at 146.

[9]      *See* Defendants' Statement Pursuant to Local Rule 56.1 ¶ 32.  *See also* 2/6/08 Plaintiff's Hearing Report and Notice of Disciplinary Disposition, Ex. G to Smith Decl.

party is entitled to judgment as a matter of law."[10]  An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[11]  A fact is material when it "'might affect the outcome of the suit under the governing law.'"[12]  "It is the movant's burden to show that no genuine factual dispute exists."[13]

In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact.[14]  "Rule 56 'mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[15]  To do so, the non-moving party must do more than show that there is "'some metaphysical doubt as to the material

---

[10]    Fed. R. Civ. P. 56(c)(2).

[11]    *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)).

[12]    *Ricci v. DeStefano*, 530 F.3d 88, 109 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[13]    *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[14]    *See* Fed. R. Civ. P. 56(c)(2).

[15]    *Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

4

facts,'"[16] and it "'may not rely on conclusory allegations or unsubstantiated speculation.'"[17]  However, "'all that is required [from the non-moving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"[18]

    In determining whether a genuine issue of material fact exists, the court must construe "'the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in that party's favor.'"[19]  However, "[i]t is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[20]

### B.    Section 1983: Personal Involvement

---

[16]    *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (quoting *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[17]    *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)).

[18]    *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Anderson*, 477 U.S. at 248-49).

[19]    *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)).

[20]    *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)).  *Accord Anderson*, 477 U.S. at 249.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983.'"[21]  Thus, "'[a] supervisory official cannot be liable solely on account of the acts or omissions of his or her subordinates.'"[22]  In 1995, the Second Circuit held that a supervisory official is personally involved when that official: (1) participates directly in the alleged constitutional violation; (2) fails to remedy the violation after being informed of the violation through a report or appeal; (3) creates or allows the continuation of a policy or custom under which unconstitutional practices occurred; (4) acts with gross negligence in supervising subordinates who commit the wrongful acts; or (5) exhibits deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.[23]  However, in 2009, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the

---

[21]     *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 316 (S.D.N.Y. 2008) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

[22]     *Allah v. Goord*, 405 F. Supp. 2d 265, 274 (S.D.N.Y. 2005) (quoting *Ford v. Conway*, No. 03 Civ. 0927, 2004 WL 1071171, at *4 (W.D.N.Y. Mar. 16, 2004)).

[23]     *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

official's *own individual actions*, has violated the Constitution."[24] The Supreme

Court explicitly rejected the argument that, "a supervisor's mere knowledge of his

subordinate's discriminatory purpose amounts to the supervisor's violating the

Constitution."[25] Thus, "each Government official, his or her title notwithstanding,

is only liable for his or her own misconduct."[26] Accordingly, only the first and

third *Colon* factors have survived the Supreme Court's decision in *Iqbal*.

### C.     Service Requirement

Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") provides, "[i]f a

defendant is not served within 120 days after the complaint is filed, the court —

on motion or on its own after notice to the plaintiff — must dismiss the action

without prejudice against that defendant or order that service be made within a

specified time."[27] But "if the plaintiff shows good cause for the failure, the court

*must* extend the time for service for an appropriate period."[28] "'In determining

whether a plaintiff has shown good cause under Rule 4(m), courts in this Circuit

---

[24]     *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1948 (2009) (emphasis added).

[25]     *Id.* at 1949.

[26]     *Id.*

[27]     Fed. R. Civ. P. 4(m).

[28]     *Id.* (emphasis added).

7

generally consider whether (1) the plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was prejudiced by the delay in service.'"[29]  The plaintiff bears the burden of proving that there was good cause for failing to timely serve a defendant.[30]  "'Even in the absence of good cause,' however, '"a district court may extend the period for service as an exercise of discretion."'"[31]

## IV.   DISCUSSION

### A.   Spear's Claims Are Not Conclusory

The named defendants argue that Spear offers no evidence other than his own bald assertions to prove that he was the victim of excessive force, arguing instead that the evidence clearly shows that Spear's injuries were inflicted by another inmate.[32]  However, Spear's testimony about the alleged attack is sufficient evidence to raise a material issue of fact that must be resolved by the trier of fact.  During his deposition, Spear testified that Correction Officers

---

[29]     *Chrobak v. Hilton Group PLC*, No. 06 Civ. 1916, 2007 WL 2325913, at \*4 (S.D.N.Y. Aug. 15, 2007) (quoting *Shider v. Communications Workers of Am.*, No. 95 Civ. 4908, 1999 WL 673345, at \*2 (S.D.N.Y. Aug. 30, 1999)).

[30]     *See Dickerson v. Chertoff*, No. 06 Civ. 7615, 2008 WL 5329312, at \*1 (S.D.N.Y. Dec. 17, 2008).  *See also* Fed. R. Civ. P. 4(m).

[31]     *Chrobak*, 2007 WL 2325913, at \*4 (quoting *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996)).

[32]     *See* Def. Mem. at 7-8.

8

attacked him, explaining, "[b]efore I knew it, there was hands all over me, taking me to the floor. They got a knee on my head, a foot on my neck, and somebody's feets [sic] on my legs, fistses [sic], and everything, on my back.  And twisting my arm . . . and they [sic] stomping, and pulling, and kicking, and kneeing . . . ."[33] Whether Spear's injuries were inflicted by another inmate or by Correction Officers is therefore a question of material fact.

**B.      Defendants Hughes and Butt Were Not Personally Involved in the Alleged Attack**

Defendants Hughes and Butt argue that summary judgment must be granted in their favor for lack of personal involvement in the alleged attack.[34] While Spear admits that Hughes and Butt did not physically assault him,[35] he alleges that Hughes "gives the orders to beat people down," thereby claiming that Hughes created a policy under which unconstitutional practices occurred.[36] However, because Spear has failed to offer any evidence in support of this allegation, his claim is conclusory and there is no genuine dispute as to any

---

[33]    Pl. Dep. at 55.

[34]    *See* Def. Mem. at 6.

[35]    *See* Pl. Dep. at 42, 146.

[36]    *Id.* at 146.

material fact. Both Hughes and Butt are entitled to summary judgment in their

favor because they were not personally involved in the alleged attack.

### C.   Spear Failed to Serve Thomas, Nichoels, and Roberts

Defendants Thomas, Nichoels, and Roberts argue that they are

entitled to summary judgment because Spear failed to serve them within 120 days

of filing his Complaint.[37]   Despite naming Thomas, Nichoels, and Roberts in his

Complaint, which was filed on April 29, 2008, these defendants remain unserved

to date, well over a year later. Because Spear has not come forward with good

cause for his failure to serve these defendants despite receiving notice of the Rule

4(m) issue, Thomas, Nichoels, and Roberts are granted summary judgment and are

hereby dismissed without prejudice.

### V.   CONCLUSION

For the foregoing reasons, summary judgment is granted to

defendants Hughes and Butt with prejudice and to defendants Thomas, Nichoels,

and Roberts without prejudice. The remaining John Doe defendants will be

addressed in a separate order. The Clerk of the Court is directed to close this

motion (Docket # 18).

---

[37]   See Def. Mem. at 14.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 20, 2009

## -Appearances-

**Plaintiff (Pro se):**

Ronald Spear
100 Benchly Place
Apt. #23E
Bronx, NY 10475

**For Defendants:**

Katherine Smith
NYC Law Department, Office of the Corporation Counsel
100 Church Street
New York, NY 1007
(212) 513-0462